## No. XXIII.

### CAVENAH v. SOMERVILL.

*Appeal from Matagorda County.*

OCHILTREE, JUSTICE.—We learn from the record sent up in this cause that at the fall term, 1840, of the District Court of Matagorda County, Alexander Somervill, the defendant in this action, recovered a judgment against Charles Cavenah, the plaintiff, and one Randal Jones, for the sum of $1000, with interest and costs, upon a note executed by said Cavenah and Jones to one Secrest, and by Secrest indorsed to Somervill. After the issuance of execution on said judgment, Cave-

---

Stoneum, 20 T., 453; Graves v. Farquhar, 20 T., 455; Johnson v. Stallcup, 41 T., 529. Nor when petition discloses a void or illegal contract. Moseley v. Smith, 21 T., 441; Campbell & Jones v. State Central Bank, 1 App. C., sec.

nah filed his petition, praying that the said judgment be enjoined, alleging the same to have been unjust, illegal and oppressive, for this, that the consideration for which said note was executed was insufficient, fraudulent, illegal and void. He further alleged, that at the trial at law he was prevented from attending court by the severe indisposition of himself and family; that about the time of the court his son-in-law died, so that his presence was imperatively required at home; that he had confided his defense to one Edward L. Homes, Esq., an attorney at law, who died before the trial, and that the attorney to whom his business had been committed, from the fact that he had not an opportunity of conferring with Cavenah, did not introduce the necessary testimony to establish his defense. Upon this petition, his honor, Wm. J. Jones, judge, etc., issued his order for a writ of injunction. Somervill, having been brought into court, demurred to the bill of Cavenah, on the ground that he, the said Cavenah, had appeared by counsel in the suit at law, and by his said counsel had pleaded the general issue, and that the matters and things set forth in his bill were properly cognizable before that tribunal, praying judgment, etc. The demurrer was overruled. Somervill then answered over, denying his knowledge of the consideration given for said note to Secrest, alleging that he had got it in the fair course of trade for a valuable consideration; denying all fraud or collusion in the transaction on his own part, or knowledge of it on the part of others. Upon this issue the cause was submitted to the jury; and the evidence proved that the note sued on had been made for the purpose and was staked on the event of a horse race, which was run between the horses of Secrest and Cavenah, and fairly won by Secrest. A verdict was returned for the plaintiff. We do not deem it necessary to recite any further portion of the testimony or proceeding in this case, saving so much of the charge of the presiding judge as was applicable to such points in the case as we feel it incumbent on us to decide. The court charged the jury that if they believed the note was based upon a gaming transaction, they should find for the plaintiff. The court charged further that at the civil law, horse racing was a species of gambling. The points in this case, presented for the action of this court are these:

1. Did the court below err in refusing to sustain the demurrer to the bill for injunction?

2. Could not Somervill, a bona fide holder, recover on the note?

Without expressly answering the first question, this court will intimate the opinion that it will at all times view with the strictest scrutiny applications for relief on the chancery side of our courts, against judg-

160. When citation is by publication, judgment by default does not dispense with proof of material facts. Doty v. Moore, 16 T., 591.

[2] Nature, validity, obligation, construction and interpretation of contracts are determined by the lex loci contractus, unless a different place is fixed by the parties for performance. Hill v. McDermott, Dal., 419; Huff v. Folger, Dal., 530; Scott v. Maynard, Dal., 548; Gautier v. Franklin, 1 T., 732; Hays v. Cage, 2 T., 501; Snoddy v. Cage, 5 T., 106; Andrews v. Hoxie, 5 T., 171, 189; Campbell v. Wilson, 6 T., 379, 390; Raymond v. Holmes, 11 T.,

ments at law rendered, as was the judgment in this case, after issue joined. Hard cases should not subvert established precedents. The sickness and other misadventures, as set forth in the petition of Cavenah, certainly would have afforded him ground for relief in equity, if it had appeared from the record that he was wholly unrepresented when his case was called for trial. But this was not the case; for his petition admits and the record shows that his attorney pleaded the general issue, and that under this issue the cause was submitted to the jury, and a verdict returned for Somervill, the then plaintiff. It would certainly be a violent presumption to suppose that Cavenah would have employed an attorney and left him in total ignorance of the nature of his defense. We will not say that the court erred in charging the jury that horse racing was such a species of gaming under the civil law as would preclude a recovery on a contract founded thereon. In this case the necessity does not exist for the exercise of that sort of judicial legislation which has been assumed by the courts both in England and many of the United States, by which they undertake to declare what is and what is not contrary to public policy.

Somervill answers, that he is a bona fide holder of the note; and no proof has been introduced to show that there was a scienter on his part, of the nature of the consideration for which the note was given, or the time at which he became the owner. Horse racing not having been declared by the civil law illegal, nor inhibited by statute, the innocent holder is entitled to recover. Chitty on Bills, p. 52. A motion for a continuance before trial, or for a new trial after verdict, would, we have but little doubt, have been sustained by the court who granted the injunction. These were the legitimate resorts of the party; having failed to make use of them, this court is not prepared to say that the plaintiff made such a showing as justified the court below in sustaining the bill for injunction. Illegality of consideration, unless it has been so expressly declared by the Legislature, will be no defense in an action at the suit of a bona fide holder without notice of the illegality, unless he obtained the bill after it became due. Chitty on Bills, 82.

The judgment of the court below is reversed, the injunction dissolved, and a procedendo awarded to the District Court of Matagorda County.

*Reversed.*

Judge Baylor says: "I concur in this opinion so far as the illegality of the injunction is concerned, but give no opinion on the other points involved in the case."

---

54; Hall v. Harris, 11 T., 300, 305; McLeod v. Board, 30 T., 238; Cantu v. Bennett, 39 T., 303; Weider v. Maddox, 66 T., 372; Life Assn. v. Harris, 94 T., 25; Appollos v. Standiforth, 3 T. C. A., 502; Merrielles v. State Bank, 5 T. C. A., 483; Tilliard v. Hall, 11 T. C. A., 381; M. K. & T. Ry. Co. v. Thompson, 11 T. C. A., 658; M. P. Ry. Co. v. Harris, 1 App. C., sec 1265. By place of performance. Ryan v. M. K. & T. Ry. Co., 65 T., 13; Seiders v. Life Assn., 93 T., 194; Life Assn. v. Harris, 94 T., 25; Good v. Caldwell, 11 T. C. A., 515; Applebaum v. Bates, 3 App. C., sec. 167. If to be partly performed in dif-